**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| VERNON RAMPERSAD and | ) | |
| others similarly situated, | ) | JURY DEMAND |
| | ) | |
| Plaintiffs, | ) | NO. 1:12-CV-00032 |
| | ) | |
| v. | ) | |
| | ) | |
| CERTIFIED INSTALLATION LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF DISMISSAL WITH PREJUDICE**

Currently before the Court is a joint motion filed on November 12, 2012 (ECF No.21), by

Plaintiff Vernon Rampersad ("Rampersad") and Defendant Certified Installation LLC ("Certified"),

requesting Court approval of a settlement of Plaintiff's claim asserted under the Fair Labor

Standards Act (the "FLSA"), 29 U.S.C.A. §§201-219.

A hearing was held on the parties' joint motion to approve the settlement on November 26,

2012. Rampersad was represented at the hearing by attorney Michael L. Russell, and Certified was

represented by attorney Donna J. Mikel. For the reasons that follow, the settlement will be approved

and the parties' joint motion, (ECF No. 21), will be GRANTED.

The FLSA's provisions are mandatory and, except in two narrow circumstances, are

generally not subject to bargaining, waiver, or modification by contract or settlement. Brooklyn

Savings Bank v. O'Neil, 324 U.S. 697, 706 (1945). The first circumstance that the Secretary of

Labor may supervise the payment of back wages to employees and employees who accept such

payments waive their rights to bring suits for liquidated damages, provided the employer pays the

back amount in full) is not at issue here. The second circumstance, and the one applicable here,

occurs when an employee brings a private action for back wages under 29 U.S.C.A. §216(b), the

49666

employee and employer present a proposed settlement to the district court, and the district court reviews the proposed settlement and judgment and enters it as a stipulated judgment. 29 U.S.C.A. §216(c); Lynn's Food Stores, Inc. v. United States, 697 F.2d 1350 (11th Cir. 1982).

As held in Lynn's Food,

Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.

Id. at 1354.

In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute…the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354.

In this case, there are bona fide disputes, namely FLSA coverage and the amount of back pay. The negotiations that resulted in a settlement were held at arms' length and with the parties being represented by experienced and reputable counsel. After speaking with counsel for the parties and reviewing the settlement agreement, the Court concludes the settlement is a fair and reasonably compromises and takes into account each party's interest, benefits and rights pursuant to the considerations set forth in *Lynn's Foods*.

Therefore, it is hereby ORDERED and ADJUDGED, and DECREED as follows:

49666

1.      The settlement agreement among the parties is hereby APPROVED as being a fair,

just, adequate, and reasonable compromise of the disputed issues of law and fact remaining in this

action.

2.      The joint motion for approval of settlement and for entry of dismissal with prejudice,

(ECF No. 21), is hereby GRANTED.

3.      It is hereby ORDERED that this case is DISMISSED WITH FULL PREJUDICE,

with each party bearing her or its own costs pursuant to the settlement agreement.

ENTERED this the _____ day of _____, 2012.


_s/_*Susan K. Lee*_____
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE




SUBMITTED FOR ENTRY:

GILBERT RUSSELL McWHERTER PLC

By: ____s/*Michael L. Russell*_____
    Michael L. Russell, BPR# 020268
    Attorneys for Plaintiff
    1616 Westgate Circle, Suite 228
    Brentwood, TN 37027
    Phone: (615) 354-1144
    Fax: (731) 664-1540
    Email:  mrussell@gilbertfirm.com

BURNETTE, DOBSON & PINCHAK

By:____s/ *Donna J. Mikel*_____
Frank P. Pinchak, BPR No. 002094
Donna J. Mikel, BPR No. 020777
William H. Payne, BPR No. 029509
Attorneys for Defendant
711 Cherry Street
Chattanooga, TN  37402
Phone: (423) 266-2121
Fax: (423) 266-3324
Email: fpinchak@bdplawfirm.com
Email: dmikel@bdplawfirm.com
Email: bpayne@bdplawfirm.com

49666